IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ALL PRO BRACE, LLC,** | **CASE NO. 1:21-cv-00896** |
| Plaintiff, | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,** *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

This matter comes before the Court upon Third-Party Defendant Jenni L. Sammon's Motion for Leave to File *Instanter* First Amended Answer to the Third-Party Complaint and to Assert Crossclaim Against Co-Third-Party Defendant Robert E. Sammon. (Doc. No. 46.) On November 2, 2022, Third-Party Plaintiff Merchants Bonding Company filed a brief in opposition to Sammon's Motion, to which Sammon replied on November 8, 2022. (Doc. Nos. 47, 48.) For the following reasons, Sammon's Motion for Leave to Amend is GRANTED.

I.  **Background**

On July 13, 2021, Merchants Bonding Company filed a third-party complaint against four individuals: Robert and Jenni Sammon and Michael and Libby Voll. (Doc. No. 18.) MBC brought a single claim of contractual indemnification against these third-party defendants. (*Id.* at ¶¶ 14-20.) MBC alleged that the Sammons and Volls were the sole owners of a business called All Pro Brace. (*Id.* at ¶ 3.) MBC alleged that APB procured three separate bonds, each worth $50,000, from MBC. (*Id.* at ¶¶ 9, 10.) APB procured these bonds to guarantee its bids on three separate Center for Medicare and Medicaid Services contracts. (*Id.* at ¶¶ 9, 10.) These bonds named APB as the principal and

CMS as the obligee. (*Id.*) As a condition for executing the bonds, MBC required that APB and the Sammons and Volls execute an indemnity agreement. (*Id.* at ¶ 11.) The Indemnity Agreement appears to be signed by Robert Sammon, listed as "owner #1," Jenni Sammon, listed as "spouse #1," Michael Voll, listed as "owner #2," and Libby Voll, listed as "spouse #2." (*See* Ex. 1, MBC Commercial Bond Application, Doc. No. 18-1.)

MBC alleges that when APB failed to accept the three CMS contracts, Palmetto GBA, a contractor working on behalf of CMS, demanded that MBC pay over the penal sum of the bonds, or $150,000, to CMS. (Doc. No. 18, ¶ 10.) MBC alleges that it now "faces potential liability to CMS in the amount of $150,000." (*Id.* at ¶ 13.) MBC alleges that the Sammons and Volls agreed to indemnify MBC for any losses associated with having executed the bonds. (*Id.* at ¶ 15.) However, according to MBC, the Sammons and Volls "failed and/or refused to perform in accordance with the terms of the Indemnity Agreement and, therefore, have breached the Indemnity Agreement" for failing to pay MBC $150,000 to cover the cost of the forfeited bonds to CMS. (*Id.* at ¶¶ 15-20.)

On August 3, 2021, Attorney Brian Sullivan, with Reminger Co., L.P.A., filed an Answer to MBC's Third-Party Complaint on behalf of all four third-party defendants. (Doc. No. 25.) Therein, all third-party defendants, including Jenni Sammon, admitted to being sole owners of APB. (*Id.* at ¶ 3.) The third-party defendants, including Jenni Sammon, asserted only two affirmative defenses: (1) that MBC's "counterclaim fail[ed] to state a claim upon which relief may be granted"; and (2) that MBC's "counterclaim fail[ed] because of failure of conditions precedent." (*Id*. at PageID# 104.)

On July 8, 2022, the Court granted the Government's Motion to Dismiss APB's Complaint for lack of subject-matter jurisdiction. *See All Pro Brace v. U.S. Dep't Health and Human Servs., et al.*, No. 1:21-CV-00896-PAB, 2022 WL 2647889 (N.D. Ohio July 8, 2022). On August 12, 2022,

2

Attorney Sullivan withdrew as counsel of record for all third-party defendants, including Jenni Sammon, and APB. (Doc. No. 43.) According to Attorney Sullivan, a conflict of interest had arisen between APB, the Sammons, and the Volls, necessitating his withdrawal.[1] (*Id.*)

On September 27, 2022, Attorney Matthew Fitzsimmons entered an appearance on behalf of Third-Party Defendant Jenni Sammon only. (Doc. No. 45.) On October 19, 2022, Jenni filed the instant Motion, seeking to amend her answer to MBC's third-party complaint by correcting certain alleged factual inaccuracies, asserting additional affirmative defenses, and asserting crossclaims against Robert Sammon for indemnification and fraud/misrepresentation. (Doc. No. 46.) According to Jenni's declaration appended to her Motion, she recently filed for divorce from Robert Sammon on August 4, 2022. (Doc. No. 46-3, ¶ 6.) She claims that Robert fraudulently induced her to sign the Indemnity Agreement and that she has never been, at any time, an owner, shareholder, or member of APB, or otherwise involved with the operation or management of APB. (*Id.* at ¶ 1.) She claims that Robert told her that the owners' spouses' signatures were required to execute the Bond Application, and that her signature "was a mere formality." (*Id.*) Jenni also claims that Reminger filed the Answer on her behalf, but never provided her with a copy of the proposed Answer in advance of filing or provided her with any engagement letter or retention agreement. (*Id.* at ¶ 3-4.) Jenni claims that she never felt Reminger was "vigorously protecting" her interests and subsequently engaged new counsel to protect her interests in this litigation. (*Id.*)

On November 2, 2022, MBC filed an Opposition to Jenni's Motion. (Doc. No. 47.) On November 8, 2022, Jenni filed a Reply in Support of her Motion. (Doc. No. 48.) Thus, Jenni's Motion is now ripe for a decision.

---

[1] Also, according to Sullivan, there was "an outstanding account receivable for the work performed to date," and his former clients had informed him that the outstanding account receivable would not be brought current. (Doc. No. 43.)

3

**II.     Standard of Review**

Pursuant to Fed. R. Civ. P. 15(a)(2), a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Morse v. McWhorter*, 290 F.3d 795, 799-800 (6th Cir. 2002) ("Generally, leave to amend is 'freely given when justice so requires.'") (quoting *Keweenaw Bay Indian Cmty. v. State of Michigan*, 11 F.3d 1341, 1348 (6th Cir. 1993)). "Though the decision to grant leave to amend is committed to the trial court's discretion, that discretion is limited by Fed.R.Civ.P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987). However, a motion for leave to amend a pleading "may be denied when the motion is the product of undue delay, bad faith, or dilatory motive, amendment would cause undue prejudice to the opposing party, the plaintiff repeatedly failed to cure deficiencies in the complaint with previous amendments, or amendment of the complaint would be futile." *Springs v. U.S. Dep't of Treasury*, 567 F. App'x 438, 443 (6th Cir. 2014).

**III.    Analysis**

Jenni seeks leave to amend her Answer to correct errors in prior counsel's initial answer, raise affirmative defenses that prior counsel failed to raise, and assert a crossclaim against Robert Sammon for indemnification and fraud. (Doc. No. 46, PageID# 216.) Jenni argues that no other party will suffer prejudice because of these amendments, that she did not delay in seeking leave to amend, and that her new defenses and crossclaim are not futile. (*Id.* at PageID# 223-25.)

MBC asserts that Jenni's Motion for Leave to Amend should be denied because Jenni delayed in seeking leave to amend and because her proposed factual amendments and proposed additional affirmative defenses are futile because they do not provide a viable defense to her obligations to

indemnify and hold harmless MBC. (Doc. No. 47, PageID# 255.) Although MBC opposes Jenni's proposed factual amendments and additional affirmative defenses, MBC does not oppose Jenni's effort to now assert a crossclaim against Robert Sammon. MBC represents that it "takes no position as to Ms. Sammon's motion seeking leave to bring claims against her husband and has no objection to the Court granting same." (*Id.* at PageID# 262.)

For the following reasons, the Court will exercise its discretion and grant Jenni leave to file her First Amended Answer and Crossclaim *instanter*. (*See* Doc. No. 46-1.)

**A. Delay**

"Delay alone is insufficient to deny leave to amend." *Eastern Shawnee Tribe of Oklahoma v. Ohio*, No. 3:05CV7267, 2007 WL 9754361, at *2 (N.D. Ohio July 6, 2007); *Tefft v. Seward*, 689 F.2d 637, 639 n.2 (6th Cir. 1982) ("Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading."). In addition, the remaining parties have not yet begun any discovery and so any prejudice from entertaining an amended pleading at this early stage in the case is minimal.

The Court concludes that there is no evidence of undue delay on Jenni's part. Though MBC filed its Third-Party Complaint on July 13, 2021, MBC's case against the Third-Party Defendants remains in the early stages because the Court first addressed the Government's motion to dismiss for lack of jurisdiction. Indeed, when the Government initially alerted the Court to the possibility of filing such a motion during the January 20, 2022 status conference, counsel for MBC expressed concern about conducting discovery while any motion to dismiss was pending. (*See* ECF Minutes of Proceedings, 1/20/2022.) After the Court granted the Government's motion to dismiss on July 8, 2022, the Court set a status conference for the following month to discuss the status of MBC's Third-

Party Complaint. (*See* ECF Order, 7/8/2022.) Before the Court could conduct the status conference, however, Attorney Sullivan withdrew from representing the third-party defendants and the Court reset the status conference to allow the third-party defendants time to obtain new counsel. (*See* ECF Entry 8/12/2022.) On September 27, 2022, Attorney Fitzsimmons entered his appearance on Jenni's behalf. (Doc. No. 45.) On September 28, 2022, Attorney Fitzsimmons and Attorney Lee Brewer, on behalf of MBC, agreed to a briefing schedule regarding the instant Motion. (ECF Minutes of Proceedings, 9/28/2022.) Thus, since the Court ruled on the motion to dismiss on July 8, 2022, there has been no delay in this case. The Court concludes this is an insufficient reason to deny Jenni's Motion to Amend.

**B.     Futility**

Although leave to amend is generally freely given, "[a] court need not grant leave to amend . . . where amendment would be 'futile.'" *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id.* Though futility is a permissible basis for denying a motion to amend a pleading, the Supreme Court in *Foman v. Davis* did not mandate that a court *must* deny a proposed amendment if it is futile. *Aladdin Temp-Rite, LLC v. Carlisle FoodService Prods. Inc.*, No. 3:13-0650, 2014 WL 12774872, at *2 (M.D. Tenn. June 16, 2014) (citing *Foman*, 371 U.S. at 182). Rather, "even if a claim *may* be futile, the Court is not *required* to disallow the amendment." *Id.*, emphasis added.

MBC's arguments as to the futility of Jenni's proposed amendments boil down to MBC's central contention that Jenni "freely admits that she signed the Indemnity Agreement" and is obligated under "the clear and unequivocal language of the Indemnity Agreement" to indemnify MBC,

irrespective of whatever concerns she may have had when she read the document or Robert's alleged fraudulent representations as to Jenni's own liability under the Indemnity Agreement. (Doc. No. 47, PageID# 255-61.) Though Jenni's newly asserted affirmative defenses *may* ultimately prove futile in the face of MBC's arguments, the Court prefers to address MBC's substantive arguments as to the validity of Jenni's execution of the Indemnity Agreement on a dispositive motion, rather than on a Motion to Amend. *See, e.g., Lipman v. County*, No. 1:18-CV-2985, 2021 WL 9037960, at *1 (N.D. Ohio June 21, 2021) (noting that the Court preferred to address substantive issues in a dispositive motion).

The Court concludes that justice requires that Jenni be granted leave to amend her Answer. Jenni's claims about her previous attorney's alleged failure to consult her about the Answer before filing, failure to provide her with an engagement letter or retention agreement, and failure to equally protect her interests alongside those of her soon-to-be ex-husband and his business partner are concerning. Jenni's claims strongly suggest that her previous attorney failed to represent Jenni's interests when he filed the initial answer. (*See* Doc. No. 46-3.) If the Court did not allow Jenni to amend her Answer now, she would be bound by a factually incorrect Answer drafted by an attorney who failed to confer with Jenni prior to its filing and who seemingly failed to protect her interests against Robert Sammon's interests. Conversely, given the preliminary posture of MBC's action against the third-party defendants, MBC will suffer no prejudice whatsoever if Jenni receives leave to amend her Answer. Moreover, MBC does not oppose Jenni's attempt to assert a crossclaim against Robert Sammon. (Doc. No. 47, PageID# 256.) Accordingly, the Court concludes that, in the interest of fairness and hearing this matter on its merits, Jenni should be granted leave to amend her Answer and also assert her crossclaim against Robert Sammon *instanter*. *Lipman*, 2021 WL 9037960, at *1.

### IV. Conclusion

For the reasons set forth above, Jenni Sammon's Motion for Leave to File *Instanter* First Amended Answer to the Third-Party Complaint and to Assert Crossclaim Against Co-Third-Party Defendant Robert Sammon is GRANTED. The First Amended Answer and Crossclaim of Third-Party Defendant Jenni L. Sammon (*see* Doc. No. 46-1) is deemed filed as of the date of this Memorandum Opinion and Order. Pleadings responsive to Jenni Sammon's Crossclaim Against Robert Sammon are due no later than December 8, 2022.

**IT IS SO ORDERED.**

Date: November 17, 2022

    *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE